## 33177. WILSON v. STEPHENS et al.

HALL, Justice.

F. E. Stephens' eighty-four-year-old widow, the executor of his estate, and five of their six children (appellees) filed this suit for a declaratory judgment construing his will, which had been duly probated. It is their contention that under the terms of the will and present conditions they are authorized to sell the 43 acres of realty in the estate to provide for the support of his widow, who held a life estate in this land. Appellant, the sixth child, contends that they have not proven the need to sell all the property.

The applicable provision of the will provides: "In the event that my wife should become sick or for other reasons it should become necessary to encroach upon the corpus of my estate to maintain her in the manner in which I have maintained and supported her, then my Executor is authorized to encroach upon the corpus thereof for such purpose, and is authorized to sell so much of my real estate as may be necessary for such purpose. However, before such sale, I desire that my Executor consult with my other children and obtain the consent of a majority of them."

The evidence at trial showed that the health of the testator's wife had deteriorated, and that the house in which she lived (situated on the 43 acres) was in need of substantial repairs. Moreover, the assets of the estate other than this realty had been exhausted, and the children had been forced to contribute money to support Mrs. Stephens in the manner she was supported before her husband's death. There was some evidence that a sale of the entire tract of land would bring more money than sales of portions of the tract. These circumstances authorized the executor to encroach upon the corpus of the estate with the consent of the majority of the children.

Appellant argues that even if the executor is authorized to encroach on the corpus by selling this land, he has not proven the need to sell all of the land at this point. It is her position that he must sell the land in parcels to meet current needs.

We agree that Paragraph III (c) of the will (not quoted) clearly indicates the preference of the testator

that the land not be sold during the life (or widowhood) of his wife. But we do not discern from this or other portions of the will an absolute requirement that the land be sold parcel by parcel if a sale is necessary to maintain Mrs. Stephens, when the property could bring a greater price sold as a whole. Paragraph III (d) (quoted in part above) was intended to give the executor the discretion to sell the property, if necessary to maintain Mrs. Stephens, in whatever manner best serves the interests of Mrs. Stephens and the children, provided he consults with and secures the consent of a majority of the children.

The judgment of the trial court was not in error in construing this will to authorize the sale of part or all of the land at this time, with the proceeds, and income from the proceeds, to be used as needed for the support of Mrs. Stephens. It is clear that appellees are acting in good faith, and consistently with the terms of the will.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JANUARY 13, 1978 — DECIDED FEBRUARY 7, 1978.

*Robert J. Evans,* for appellant.

*Brinson, Askew & Berry, C. King Askew,* for appellees.